UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 07-cv-02249-WYD

DIEU T. HUA,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

_____

**ORDER**
_____

THIS MATTER is before the Court on Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 filed May 29, 2009. The motion seeks an award of attorney's fees to Plaintiff as a result of an Order issued in favor of Plaintiff on March 2, 2009. In that Order, I reversed the Commissioner's decision denying Plaintiff Supplemental Security Income benefits and remanded the case to the Commissioner. Judgment was entered in favor of Plaintiff on March 3, 2009. Plaintiff was thus the prevailing party. Plaintiff seeks an award of fees in the amount of $8,066.00 which is supported by an affidavit of Plaintiff and an itemized statement of the time spent by counsel on the case.

In a response filed June 15, 2009, the Commissioner opposes an award of fees arguing that the Agency's position in this case was substantially justified. Alternatively, the Commissioner argues that the award of fees should be reduced because the amount requested in fees is excessive. A reply was filed by Plaintiff on June 17,

2009. For the reasons stated below, Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") is granted.

The EAJA provides for an award of attorney's fees to a prevailing party in a civil action brought against the United States unless the court finds that the position of the United States was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The burden of establishing that the government's position was substantially justified rests with the government. *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995), *cert. denied*, 516 U.S. 806 (1995). "Substantially justified" has been defined by the Supreme Court as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Thus, the government's position must have had a reasonable basis in both law and fact. *Id.* The term "position" includes the government's arguments both at the underlying agency stage and during any subsequent litigation. *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988).

The Tenth Circuit has held that the government must establish the existence of three elements to meet the reasonableness test: (1) a reasonable basis for the facts asserted; (2) a reasonable basis in law for the legal theory proposed; and (3) support for the legal theory by the facts alleged. *Harris v. Railroad Retirement Bd.*, 990 F.2d 519, 520-21 (10th Cir. 1993); *see also Pettyjohn v. Chater*, 888 F. Supp. 1065, 1067 (D. Colo. 1995). The government's position does not need to be "'justified to a high degree,' but rather 'justified in substance or in the main.'" *Pierce*, 487 U.S. at 565 (quotation omitted). The government's position must be "more than 'merely undeserving of sanctions for frivolousness.'" *Id.* at 566 (quotation omitted). However, a

"position can be justified even though it is not correct, and . . . it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct. . . . " *Id.* at 566 n. 2.

In the case at hand, the Commissioner argues that the ALJ's decision was substantially justified. He asserts that the ALJ properly followed the five-step sequential evaluation and that Plaintiff did not challenge the ALJ's findings at steps one through three. At step four, Plaintiff claimed that the ALJ did not properly assess her credibility, RFC or the opinions of medical sources. Although the Court agreed with Plaintiff on those issues, the Commissioner still asserts that the ALJ's position was substantially justified because it was reasonable in both fact and law.

Specifically, the Commissioner asserts as to the ALJ's credibility determination that the ALJ considered the evidence and discussed medical reports and other evidence which was inconsistent with Plaintiff's allegations of disabling headaches, limited ability to walk and other subjective symptoms. The Commissioner relies in large part on the fact that despite Plaintiff's complaints of headaches and pain, the objective findings on physical examinations did not reflect any decreased strength, atrophy or other findings. However, as noted in my previous Order, this type of objective medical evidence is not a basis to reject complaints of headaches and pain. (March 2, 2009 Order at 7-8.) In other words, reliance on this argument is legal error which I find is not reasonable in fact or law. Further, in my March 2 Order I noted that this error was particularly egregious because the Commissioner ignored evidence submitted by Plaintiff's counsel confirming that diagnostic tests cannot determine the existence or

severity of migraines.  (*Id.* at 8.)  Thus, this theory articulated by the Commissioner does not support its position.

The Commissioner also asserts that the ALJ's assessment of medical source opinions had a reasonable basis in fact and law.  It is argued that the ALJ in this case did what was required to--he cited the appropriate standards and provided specific and legitimate reasons for the weight he gave to the opinions of Drs. Tran, Valette, and Moran.  Again, I do not agree.  As noted in my March 2 Order, the ALJ stated that he gave "little weight" to Dr. Tran's opinion, but it appears he gave it no weight.  (*Id.* at 6.)  The ALJ was thus not clear in stating the weight he gave to the opinions of Plaintiff's treating physician.  Further, the ALJ's decision does not reflect that he gave any deference to Dr. Trans' opinions or that he considered the appropriate factors in assessing what weight to give those opinions.  (*Id.* at 9.)

Instead, the ALJ chose to give great weight to the opinions of Drs. Valette and Moran.  However, as I noted in my Order, those reports appear to be based on limited contact with Plaintiff and are thus the types of reports the Tenth Circuit has stated are of suspect reliability.  (*Id.* at 12.)  Further, Dr. Moran's report was conclusory and improperly relied on a lack of objective evidence to substantiate Plaintiff's headaches.  (*Id.* at 12-13.)  Dr. Valette stated in his report that he did not actually know how Plaintiff was doing from a psychological perspective.  (*Id.* at 13.)  As such, I find that the ALJ's decision to give these reports great weight and to reject the treating physician's opinions are not reasonable in fact or in law.

As to Plaintiff's credibility, the ALJ's consideration of the evidence was selective and was thus not reasonable in law or fact.  The ALJ did not consider many of the

pertinent factors, including the many different medications the Plaintiff has tried to relieve her migraines and the frequency of Plaintiff's medical contacts and attempts to get relief for her pain. (*Id.* at 14.) Further, the ALJ mischaracterized Plaintiff's report of her headaches and discredited Plaintiff's testimony as to the severity of her impairment based only on minor discrepancies in her statements. (*Id.* at 15-17.) Because the ALJ did not properly assess Plaintiff's credibility and the medical opinions, the findings that Plaintiff could perform her past work or other jobs existing In significant numbers were not substantially justified.

Based on the foregoing, I find that there was not a reasonable basis for the facts asserted, nor support for the theories argued by the Commissioner in connection with the facts alleged. I further find that a reasonable person would not find that the position of the Commissioner was justified. Also, I find that there are no special circumstances in this case which would make an award of fees under the EAJA unjust. Accordingly, I find that Plaintiff's request for an award of attorney fees should be granted.

The next issue is the amount of fees to be awarded. I first note that the Commissioner has not disputed the reasonableness of the rate of fees sought ($185.00). I find that this rate is reasonable. As to the number of hours sought for fees, the Commissioner argues that the request by Plaintiff's attorney for 43.6 hours of time for handling this case is unreasonable when viewed in light of his experience, relevant case law, and the fact that no hearing was held in this case. I disagree.

In reviewing the itemization of services and fees attached to Plaintiff's motion, I find that the amount of hours expended by counsel is reasonable given the nature of the case and should not be reduced. The briefs in this case were detailed in nature and

rather lengthy, and Plaintiff asserted a number of claimed errors on the part of the Commissioner. Plaintiff was successful because of the quality of the representation provided by counsel.

I further note that the amount of time requested is only a little more than courts have noted is the average amount of time spent on a social security case. *See Hayes v. Sec. of Health and Human Servs*, 923 F.2d 418, 422 (6th Cir. 1990) (noting the district court's conclusion that 30 to 40 hours was the average amount of time spent on a social security case); *DeGennaro v. Bowen*, 666 F. Supp. 426, 433 (E.D.N.Y. 1987) (concluding in social security cases that compensated hours generally range from twenty to forty hours). Further, it is well within the range of hours approved by a number of district courts. See *Carlson v. Astrue*, 500 F. Supp. 2d 1174, 1177 (D. Kan. 2007) (53.25 hours was reasonable); *Lechner v. Barnhart*, 330 F. Supp. 2d 1005, 1011 (E.D. Wis. 2004) (45.5 hours not excessive); *Palmer v. Barnhart*, 227 F. Supp. 2d 975, 978 (N.D. Ill. 2002) (48.2 hours reasonable); *Elzey v. Chater*, 927 F. Supp. 1436, 1437 (D. Kan. 1996) (45 hours approved).

Based on the foregoing, it is

ORDERED that Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, filed May 29, 2009 (Doc. # 18) is **GRANTED**. Plaintiff is awarded attorney fees to be paid by the Defendant in the amount of $8,066.00 (43.6 hours at the rate of $185.00).

Dated: November 9, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge